```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
EMMANUEL ROY,

                    Plaintiff,
                                                17 Civ. 5644 (RWS)
      - against -
                                                OPINION and ORDER
LAW OFFICES OF B. ALAN SEIDLER,
P.C., et al.,

                    Defendants.
------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 1-3-18

**Sweet, D.J.**

Defendants Law Offices of B. Alan Seidler, PC and B. Alan Seidler, Esq. (the "Seidler Defendants") and Defendant Raymond S. Sussman[1] ("Sussman" and, collectively, the "Defendants") have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of Plaintiff Emmanuel Roy ("Roy" or the "Plaintiff"). Based on the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice and Plaintiff shall have 30 days to move to vacate this dismissal for good cause shown.

---

[1] Although Sussman's motion does not state it is also on behalf of Defendant Law Offices of Raymond S. Sussman, it is a reasonable supposition, as Sussman appears to be a solo practitioner an is representing himself *pro se* in the instant litigation. See Dkt. No. 20. Regardless, as the reasoning governing Sussman is identical to any and all defendants, it is unnecessary to distinguish between the two in this Opinion and Order.

1

**Procedural History**

Plaintiff filed his Complaint on July 25, 2017. Dkt. No. 1 (the "Complaint"). The Seidler Defendants and Sussman moved to dismiss on September 19 and November 10, 2017, respectively. Dkt. Nos. 8, 20. At his request, Plaintiff was granted an extension until November 20, 2017, to serve papers in opposition to the Seidler Defendants' motion, Dkt. Nos. 12, 17, and instructed to serve papers in opposition to Sussman's motion by December 6, 2017, Dkt. No. 18. No papers were received in opposition to either motion.

Both motions were taken on submission and marked fully submitted on December 20, 2017.

**Plaintiff's Complaint**

Plaintiff's Complaint alleges two claims, each arising from his 2013 criminal trial, at which Plaintiff was convicted of convicted of counts of wire fraud and conspiracy to commit wire and bank fraud and sentenced to 87 months incarceration, and his subsequent appeal, where his conviction was affirmed. See generally Roy v. United States, No. 16 Civ. 1295 (CM), 2017 WL

2

5126138, at *1-4 (S.D.N.Y. Oct. 20, 2017) (detailing the procedural history of Roy's criminal case).

First, Plaintiff alleges legal malpractice arising from his trial representation, at which he was represented by Sussman, and from his appeal, at which he was represented by the Seidler Defendants. See Compl. ¶¶ 13, 29-35. Plaintiff's legal malpractice claim is based on: Sussman entering into certain evidentiary stipulations with the Government; the Seidler Defendants' failure to present on appeal an argument that mortgage brokers are not federally insured financial institutions; and Defendants' general lack of legal knowledge, lack of energy and preparedness, and competent legal representation. Id.

Second, Plaintiff alleges breaches of contract with respect to each Defendants based on similar issues of "competency" as his legal malpractice claim, *inter alia*: that Plaintiff's attorneys entered into particular allegedly harmful stipulations, failed to know the law, failed to perform proper legal research, and failed to present particular arguments at trial and on appeal. See Compl. ¶¶ 36-43.

3

**Applicable Standard**

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim for which relief can be granted, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff, as the nonmoving party. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007). A court must determine whether a Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quotation omitted). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 257 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The Court is mindful of the fact that Plaintiff is a *pro se* litigant. As such, a court must liberally construe submissions on "the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

4

Moreover, a plaintiff's failure to oppose a 12(b)(6) motion does not alone merit dismissal of a complaint because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000); see Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983). However, *pro se* status does not "exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth, 710 F.2d at 95).

## Defendants' Motions to Dismiss are Granted without Prejudice

Plaintiff's legal malpractice claim must be dismissed. As the Second Circuit has repeatedly held, "under New York law, a plaintiff cannot state a malpractice claim against his criminal defense attorney if his conviction 'remains undisturbed.'" Hoffenberg v. Meyers, 73 F. App'x 515, 516 (2d Cir. 2003) (quoting Britt v. Legal Aid Soc., Inc., 95 N.Y.2d 443, 446, 718 N.Y.S.2d 264 (2000)); see also Abuhouran v. Lans, 269 F. App'x 134, 135 (2d Cir. 2008) ("Thus, to succeed, [plaintiff] would have had to show innocence or a colorable claim of innocence.").

Plaintiff's conviction, at present, is undisturbed. In 2015, the Second Circuit denied Plaintiff's direct appeal. See United States v. Roy, 609 F. App'x 16 (2d Cir. 2015); United States v. Roy, 783 F.3d 418 (2d Cir. 2015). In 2017, the Honorable Colleen McMahon denied Plaintiff's motion to vacate his conviction and grant a new trial either under 18 U.S.C. § 2255 or Federal Rule of Criminal Procedure 33. See Roy, 2017 WL 5126138, at *10. Plaintiff's Complaint does not allege actual innocence. Accordingly, Plaintiff's claim for legal malpractice cannot be maintained. See Oklu v. Weinstein, No. 15 Civ. 6488 (RWS), 2016 WL 1060335, at *2 (S.D.N.Y. Mar. 11, 2016) (dismissing legal malpractice claim when "Plaintiff's conviction remains undisturbed" and "his Complaint lacks any colorable allegation of innocence").

Plaintiff's breach of contract claim must also be dismissed. Under New York law, a cause of action for breach of contract is "'a redundant pleading of a malpractice claim' if it does not 'rest upon a promise of a particular or assured result' and claims only 'a breach of general professional standards.'" O'Shea v. Brennan, No. 02 Civ. 3396 (KNF), 2004 WL 583766, at *11 (S.D.N.Y. Mar. 23, 2004) (quoting Senise v. Mackasek, 227 A.D.2d 184, 185, 642 N.Y.S.2d 241, 242 (App. Div. 1st Dep't 1996)). Similarly, "breach of contract and malpractice claims

are duplicative if both claims arise from the same facts and give rise to the same damages." Id. (citations omitted).

Plaintiff's breach of contract claim stems from the same general legal malpractice claims already alleged—allegations against Defendants for particular actions taken that breached their contracts for legal representation and Plaintiff's expectation for "competent" legal service. Compl. ¶¶ 40-41. The Complaint has no allegations as to promises for particular or assured results. As neither the Complaint nor Plaintiff have established how Plaintiff's breach of contract claim is plausibly "distinct" from his legal malpractice claim, this claim is dismissed. O'Shea, 2004 WL 583766, at *11; see also Ofman v. Katz, 89 A.D.3d 909, 911, 933 N.Y.S.2d 101, 103 (App. Div. 2d Dep't 2011) (collecting cases) (affirming dismissal of breach of contract claim because the "cause of action was duplicative of the legal malpractice cause of action since it arose from the same facts, and did not seek distinct and different damages").

7

**Conclusion**

For the foregoing reasons, Defendants' motions are granted and Plaintiff's Complaint is dismissed without prejudice. See Hoffenberg, 73 F. App'x at 517 (requiring district court to have dismissed plaintiff's legal malpractice claim in the event that plaintiff's conviction is "overturned in the future"). Plaintiff shall have 30 days to move to vacate this dismissal for good cause shown.

It is so ordered.

**New York, NY**
**January 3, 2018**

ROBERT W. SWEET
U.S.D.J.

8